# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| CORA BRADFORD | CIVIL ACTION NO. 3:18-cv-01376 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JACKSON PARISH POLICE JURY, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Partial Summary Judgment [Doc. No. 39] filed by Defendant Jackson Parish Hospital Service District No. 1 d/b/a Jackson Parish Hospital (initially named as "Jackson Parish Police Jury d/b/a the Jackson Parish Hospital") hereinafter referred to as the "Hospital." The Hospital moves for summary judgment dismissing Plaintiff Cora Bradford's ("Bradford") state-law gender discrimination claims.

On June 28, 2019, Bradford filed a Motion to Dismiss the Hospital's Motion for Partial Summary Judgment [Doc. No. 41].

On July 1, 2019, the Hospital filed a Reply Memorandum in support of its Motion for Partial Summary Judgment [Doc. No. 42].

For the following reasons, the Hospital's Motion for Partial Summary Judgment is GRANTED and Bradford's Motion to Dismiss is DENIED.

## I. FACTS AND PROCEDURAL HISTORY

Bradford is a former CFO of the Hospital. The Hospital terminated Bradford on September 26, 2017. On or about October 28, 2017, Bradford filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that the Hospital discriminated against her on the

basis of race and color. [Doc. No. 34, ¶ 25]. The EEOC issued Bradford a Dismissal and Notice of Rights on August 1, 2018. [Doc. No. 34, ¶ 26].

On October 23, 2018, Bradford filed her original Complaint in this Court against the Hospital and Inquiseek, LLC ("Inquiseek"), a consulting firm hired by the Hospital to evaluate its accounting functions. In her original Complaint, Bradford set forth two general claims against the Hospital. First, she alleged the Hospital discriminated against her based on her race and color in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000 et al ("Title VII"); 42 U.S.C. §§ 1981, 1983; and La. R.S. 23:332. [Doc. No. 1, ¶¶ 17-18]. Second, Bradford alleged the Hospital failed to pay her a wage comparable to her white predecessors in violation of Title VII; 42 U.S.C. §§ 1981, 1983; La. R.S. 23:332 and 29 USC §§ 201, 206, the Fair Labor Standards and Equal Pay Acts. [*Id*. at ¶ 19].

On January 15, 2019, the Hospital filed a Motion to Dismiss seeking dismissal of Bradford's claims against it under Sections 1981 and 1983 and the Equal Pay Act. [Doc. Nos. 13 & 13-1]. The Hospital also sought dismissal of Bradford's claims for punitive damages. [*Id*.]

On February 6, 2019, Bradford sought leave of court to file an Amended Complaint. [Doc. No. 28]. Bradford sought leave to add claims for gender discrimination under Title VII, Section 1981, Section 1983, and La. R.S. 23:332. [Doc. No. 28-1, ¶¶ 17-19]. The Hospital opposed Bradford's Motion to Amend [Doc. No. 31].

On April 17, 2019, the Magistrate Judge issued a Report and Recommendation addressing the Hospital's Motion to Dismiss and Bradford's Motion to Amend Complaint. [Doc. No. 32]. On May 2, 2019, this Court issued a Judgment adopting the Magistrate Judge's Report and Recommendation and granting the Hospital's Motion to Dismiss in part, dismissing

Bradford's Sections 1981 and 1983, Title VII gender discrimination, and punitive damage claims. [Doc. No. 37]. The Court also granted Bradford's Motion to Amend Complaint. [*Id.*]

On June 24, 2019, the Hospital filed the pending Motion for Partial Summary Judgment seeking dismissal of Bradford's state-law gender discrimination claims on the grounds that (1) the claims are prescribed and (2) Bradford failed to comply with the notice requirements of La. R.S. 23:303. [Doc. No. 39].

On June 28, 2019, Bradford responded by filing a Motion to Dismiss the Hospital's Motion for Partial Summary Judgment [Doc. No. 41]. The Hospital filed a Reply [Doc. No. 42], addressing the Motion to Dismiss and its own Motion for Partial Summary Judgment.

The motions are ripe for review.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "'material' if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "'genuine' if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party." *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Analysis

Bradford alleges in her Amended Complaint the Hospital discriminated against her on the basis of gender, in violation of La. R.S. 23:332, which prohibits discrimination on the basis of race, color, religion, sex or national origin. [Rec. Doc. 34, ¶¶ 17-19]. A plaintiff has one year to bring a cause of action for gender discrimination under La. R.S. 23:332. LA. R.S. 23:303(D).

The Hospital asserts that Bradford was terminated on September 26, 2017, when she received notice of the termination, effective immediately, during a meeting with Hospital executives. [Doc. No. 39-4, p.1]. She did not file suit until October 23, 2018. [Doc. No. 1]. She did not raise allegations of gender discrimination until she filed her Amended Complaint on or about February 6, 2019. [Doc. No. 28-1].

The Hospital, therefore, contends in its Motion for Partial Summary Judgment that Bradford's state-law gender discrimination claims are prescribed and should be dismissed with prejudice.

As an additional ground, the Hospital asserts that it is entitled to summary judgment because Bradford failed to satisfy the notice requirements in La. R.S. 23:303(C), which provides:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

4

The Hospital asserts that Bradford did not provide written notice to the Hospital of any gender discrimination claims prior to filing suit. [Doc. No. 39-4, p.2]. The Hospital first received written notice that Bradford was alleging gender discrimination when Bradford amended her complaint on February 6, 2019. [*Id.*] Thus, Bradford failed to satisfy the notice requirements of Louisiana law, according to the Hospital.

In response, Bradford filed her Motion to Dismiss [Doc. No. 41], which does not address the merits of the Hospital's Motion for Partial Summary Judgment. Rather, in her Motion to Dismiss, Bradford contends only that the Hospital's Motion for Partial Summary Judgment is premature because she needs additional time for discovery, and specifically, an opportunity to determine what facts are within the knowledge of John Morgan, the Chief Executive Officer ("CEO") for the Hospital and the person who terminated her employment. She states that Rule 56 of the Federal Rules of Civil Procedure allows additional time for discovery, if needed by a party to present facts to justify his opposition.

The Hospital contends that a "motion to dismiss" is an unusual procedural response to a motion for summary judgment and that in cases where a party has filed such a response, the court has construed the pleading as an opposition to motion for summary judgment. *See, e.g. Endsley v. Green Tree Servicing LLC*, No. 5:15-cv-151, 2017 WL 1856281, at *1 n.1 (E.D. Tex. Feb. 8, 2017) (construing pro se plaintiff's "Motion to Dismiss Defendant's Motion for Summary Judgment" as a response to motion for summary judgment). Thus, the Hospital argues that the Court should construe Bradford's Motion to Dismiss as an opposition to its Motion for Partial Summary Judgment.

1. **Prescription**

The one-year prescriptive period for a plaintiff to bring a cause of action for gender discrimination under La. R.S. 23:332 begins to run from the date of the alleged discriminatory act (here, termination). *Casey v. Livingston Par. Commc'ns. Dist.*, No. 07-30990, 2009 WL 577756, at *4 (5th Cir. 2009) (one year prescriptive period started running from date of termination); *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 417 (E.D. La. 2016) ("The Louisiana Employment Discrimination Act contains a one-year prescriptive period. . . Prescription begins to run on the date of the allegedly discriminatory termination.").

Here, the summary judgment evidence is undisputed that Bradford was terminated on September 26, 2017; she did not file suit until October 23, 2018; and she did not raise allegations of gender discrimination until she filed her Amended Complaint on or about February 6, 2019.

Therefore, Bradford's cause of action for gender discrimination under La. R.S. 23:332 has prescribed on its face.

To the extent Bradford may contend prescription was suspended during the pendency of the EEOC investigation, that argument must fail because prescription is suspended <u>*only on claims investigated by the EEOC*</u>. La. R.S. 23:303(D) (providing that one-year prescriptive period is suspended "during the pendency of any administrative review or investigation <u>*of the claim*</u>. . . [for up to] six months.").

Here, Bradford alleged only discrimination on the basis of race and color in her EEOC charge. [Doc. No. 34, ¶ 25; Doc. No. 39-5]. Thus, prescription was not suspended during the course of the EEOC investigation because Bradford's EEOC charge was limited to claims for race and color discrimination; and gender discrimination claims cannot be expected to grow out a

charge for race-based discrimination. *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 572 (5th Cir. 2012) (one-year prescriptive period for hostile work-environment claim under Louisiana law not suspended during EEOC investigation because employee alleged only age discrimination and retaliatory discharge in EEOC charge, and hostile work environment claim could not be expected to grow out of EEOC charge); *Anderson v. City of Dallas*, 116 F. App'x 19, 25 (5th Cir. 2004) (sex discrimination claim cannot grow out of race-based claims in EEOC charge); *see also Cargo v. Kansas City S.*, No. 05-2010, 2009 WL 3010839, at *4 (W.D. La. Sept. 16, 2009) (sex discrimination claim could not be expected to grow out of race discrimination claim alleged in EEOC charge).

Accordingly, the Court finds that the Hospital is entitled to summary judgment dismissing Bradford's state-law gender discrimination claims on the grounds that the claims are prescribed.

### 2. Notice Requirements

Likewise, the summary judgment evidence is undisputed that Bradford did not provide written notice to the Hospital of any gender discrimination claims prior to filing suit. The Hospital first received written notice that Bradford was alleging gender discrimination when Bradford amended her complaint on February 6, 2019. Thus, Bradford failed to satisfy the notice requirements in La. R.S. 23:303(C).

Accordingly, the Court finds that the Hospital is additionally entitled to summary judgment dismissing Bradford's state-law gender discrimination claims on the grounds that she failed to comply with the notice requirements of Louisiana law.

### 3. Bradford's Motion to Dismiss

Although Defendant styles her response as a motion to dismiss, she appears to seek relief under Federal Rule of Civil Procedure 56(d). Pursuant to Rule 56(d), if a nonmovant "shows by affidavit or declaration that, for specified reasons [she] cannot present facts essential to justify [her] opposition, the court may . . . defer considering the motion or deny it . . . [or] allow time to . . . take discovery." However, Bradford failed to comply with the procedural requirements of that Rule. Rule 56(d) strictly requires a "party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment to present an affidavit or declaration" setting forth specific reasons why the additional discovery is needed. *Leza v. City of Laredo*, 496 F. App'x 375, 377 (5th Cir. 2012). A motion submitted without such affidavit or declaration is procedurally defective. *Id.*

The Fifth Circuit has consistently upheld denials of Rule 56(d) motions when the movant failed to sufficiently show that additional discovery was necessary or would have created a genuine issue of material fact. *See, e.g. Smith*, 827 F.3d at 423; *Beverly v. Wal-Mart Stores, Inc.*, 428 F. App'x 449, 452 (5th Cir. 2011).

Bradford is not entitled to relief under Rule 56(d) because she has not provided an affidavit or declaration, setting forth the specific reasons why the additional discovery is needed to oppose the motion for partial summary judgment, and how such discovery will create a genuine issue of material fact. Thus, Bradford's request for relief is procedurally defective.

Bradford contends that she needs to depose Morgan to be able to adequately respond to the Hospital's motion, but she has not shown how Morgan's testimony could possibly create a genuine issue of material fact. The undisputed evidence shows Bradford was terminated September 26,

2017; filed suit October 23, 2018; and did not raise gender in her EEOC charge. Morgan's testimony has nothing to do with these facts. Thus, Bradford has failed to satisfy her burden of showing she is entitled to relief under Rule 56(d). *See Smith,* 827 F.3d at 422-23 (5th Cir. 2016). Accordingly, Bradford's Motion to Dismiss must be denied.

### III. CONCLUSION

Bradford has failed to show a genuine issue of material fact exists with regard to prescription. Bradford's state-law gender discrimination claims are prescribed and should be dismissed with prejudice. Additionally, she has failed to show a genuine issue of material fact exists with regard to the notice requirements of Louisiana law. Further, Bradford has failed to properly seek relief under Rule 56(d).

Accordingly, the Hospital's Motion for Partial Summary Judgment [Doc. No. 39] is GRANTED. Bradford's state-law gender discrimination claims are DISMISSED WITH PREJUDICE. Bradford's Motion to Dismiss [Doc. No. 41] is DENIED.

MONROE, LOUISIANA, this 23rd day of July, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE