# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| CORA BRADFORD | CIVIL ACTION NO. 3:18-cv-01376 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JACKSON PARISH POLICE JURY, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Partial Summary Judgment on Plaintiff's Wage Discrimination Claims [Doc. No. 47] filed by Defendant Jackson Parish Hospital Service District No. 1 d/b/a Jackson Parish Hospital ("the Hospital"). The Hospital moves for summary judgment dismissing Plaintiff Cora Bradford's ("Bradford") wage discrimination claims.

On September 30, 2019, Bradford filed a Memorandum in Opposition to the Motion for Partial Summary Judgment [Doc. No. 49].

On October 4, 2019, the Hospital filed a Reply Memorandum in support of its Motion for Partial Summary Judgment [Doc. No. 50].

For the following reasons, the Hospital's Motion for Partial Summary Judgment is GRANTED, and Bradford's wage discrimination claims are DISMISSED WITH PREJUDICE.

### I.  FACTS

Bradford, a Black female, was formerly employed by the Hospital. She was last employed as Chief Financial Officer ("CFO").

Bradford's predecessor as CFO was a white male, Eric Cripps ("Cripps"). Cripps was originally hired as an accountant in September 2008 and promoted to business team leader in January 2011. He resigned on September 21, 2012, but returned to work at the hospital on

February 1, 2013. On May 4, 2015, Cripps was promoted to CFO, with a salary of $90,000.00. Cripps continued to serve as CFO until December 14, 2015, when he began serving as both the CFO and the Chief Operating Officer ("COO"). At that time, his salary was increased to $100,000.00. Then-Chief Executive Officer ("CEO") Bobby Jordan approved the raise and provided a detailed explanation of the duties Cripps assumed as COO. Cripps resigned on September 22, 2016.

Bradford was first employed by the Hospital on December 1, 2015, as an accountant. After Cripps' resignation, on October 14, 2016, Bradford was promoted to CFO. Her salary was then increased from $85,000, to $90,000.00. She did not take on the role of COO, only that of CFO.

The Hospital terminated Bradford on September 26, 2017, for alleged poor job performance.

On or about October 28, 2017, Bradford filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that the Hospital discriminated against her on the basis of race and color. [Doc. No. 34, ¶ 25]. The EEOC issued Bradford a Dismissal and Notice of Rights on August 1, 2018. [Doc. No. 34, ¶ 26].

On October 23, 2018, Bradford filed her original Complaint in this Court against the Hospital and Inquiseek, LLC ("Inquiseek"), a consulting firm hired by the Hospital to evaluate its accounting functions. In her original Complaint, Bradford alleging wrongful termination, disparate treatment, and wage disparity in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, *et seq.* ("Title VII"); 42 U.S.C. §§ 1981 & 1983; the Equal Pay Act of 1963 ("the Equal Pay Act"), 29 U.S.C. §206, an amendment to the Fair Labor Standards Act ("FLSA"), 29 USC § 201; and the Louisiana Employment Discrimination Law ("LEDL"), LA.

REV. STAT. § 23:332. *See* [Doc. No. 1, ¶¶ 17-19]. Additionally, she asserted state tort claims against Inquiseek based on alleged verbal abuse and threats by its agent, Jeff Harper. She sought lost wages and benefits; liquidated, exemplary, and punitive damages; attorneys' fees, interests, and costs; and an injunction enjoining Defendants from engaging in the alleged discrimination and requiring them to take affirmative actions to redress their discriminatory practices.

On November 12, 2018, the Jackson Parish Police Jury and the Hospital filed an Answer to the Complaint in which they clarified that they had been improperly named in the Complaint as a single entity (the "Jackson Parish Police Jury d/b/a Jackson Parish Hospital"), effectively substituting themselves as Defendants. [Doc. No. 5]. On November 13, 2018, Inquiseek filed its answer. [Doc. No. 6].

On January 15, 2019, all three Defendants filed motions to dismiss. The Police Jury moved to dismiss the claims against it because it was neither Bradford's employer, nor took any of the challenged actions. [Doc. No. 11]. Bradford filed a statement of no opposition to this motion. [Doc. Nos. 22 & 23]. The Court granted the motion, and all claims against the Police Jury were dismissed. [Doc. No. 24].

Inquiseek also filed a motion to dismiss Bradford's claims for tortious interference with contract, intentional infliction of emotional distress, and for punitive damages. [Doc. No. 14]. Bradford filed an opposition [Doc. No. 25], and Inquseek filed its reply [Doc. No. 30].

The Hospital filed a motion to dismiss seeking dismissal of Bradford's claims against it under Sections 1981 and 1983, the Equal Pay Act, and for punitive damages. [Doc. Nos. 13 & 13-1]. Bradford did not timely oppose the motion.

However, on February 6, 2019, Bradford sought leave of court to file an Amended Complaint. [Doc. No. 28]. Bradford sought to add claims for gender discrimination under Title

3

VII, Sections 1981 and 1983, the Equal Pay Act, and LA. REV. STAT. § 23:332. [Doc. No. 28-1, ¶¶ 17-19]. The Hospital opposed Bradford's Motion to Amend [Doc. No. 31], contending that amendment was futile because all claims other than under the Equal Pay Act were time-barred.

On April 17, 2019, the Magistrate Judge issued a Report and Recommendation in which she granted Bradford's Motion to Amend Complaint, adding claims for gender discrimination under Title VII, Sections 1981 and 1983, the Equal Pay Act, and LA. REV. STAT. § 23:332. [Doc. No. 32]. However, she "fold[ed] the [Hospital's] arguments regarding futility into the court's discussion of the already pending motion(s) to dismiss." *Id.* at p. 5.

The Magistrate Judge then addressed the motions to dismiss. The Magistrate Judge recommended that the Court grant Iquiseek's motion to dismiss and dismiss Bradford's claims for tortious interference with contract, intentional infliction of emotional distress, and for punitive/exemplary damages. The Magistrate Judge further recommended that the Hospital's motion to dismiss be granted in part and denied in part. She recommended that the Court grant the motion as to Bradford's claims under §§ 1981 and 1983, for Title VII gender discrimination, and for punitive damages, but otherwise denied.

On May 2, 2019, this Court issued a Judgment adopting the Magistrate Judge's Report and Recommendation, dismissing the claims against Inquiseek with prejudice. [Doc. No. 37]. The Court further granted the Hospital's Motion to Dismiss in part, dismissing Bradford's Sections 1981 and 1983, Title VII gender discrimination, and punitive damage claims. [Doc. No. 37].

On June 24, 2019, the Hospital filed its first Motion for Partial Summary Judgment seeking dismissal of Bradford's state-law gender discrimination claims on the grounds that (1) the claims are prescribed and (2) Bradford failed to comply with the notice requirements of La.

Rev. Stat. 23:303. [Doc. No. 39]. On June 28, 2019, Bradford filed a Motion to Dismiss the Hospital's Motion for Partial Summary Judgment [Doc. No. 41]. On July 1, 2019, the Hospital filed a Reply Memorandum in support of its Motion for Partial Summary Judgment [Doc. No. 42].

On July 23, 2019, the Court issued a Ruling [Doc. No. 45] and Judgment [Doc. No. 46] granting the Hospital's Motion for Partial Summary Judgment and dismissing Bradford's state-law gender discrimination claims with prejudice on the basis of prescription. The Court construed Bradford's Motion to Dismiss as a motion to strike and denied that motion.

As a result of the Court's rulings, only the Hospital remains a Defendant in this matter. Bradford continues to assert race-based claims against the Hospital for wrongful termination, disparate treatment, and wage disparity under Title VII and the LEDL and gender- or sex-based claims under the Equal Pay Act.

On September 9, 2019, the Hospital filed the instant motion, seeking dismissal of Bradford's wage discrimination claims. The motion is fully briefed, and the Court is now prepared to rule.

## II.    LAW AND ANALYSIS

### A. Standard of Review for Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Wage Discrimination Claims

In this case, the Hospital argues that Bradford's wage discrimination claims should be dismissed because she has failed to establish a *prima facie* case of discrimination under Title VII, the Equal Pay Act, or state law. Alternatively, even if Bradford could establish a *prima facie* case, the Hospital contends that it has properly presented evidence to show that there are non-discriminatory reasons for any pay differences, and Bradford has failed to show that these reasons are pretextual.

Bradford opposes the Hospital's motion, arguing that she has presented sufficient evidence to raise a genuine issue of material fact for trial that her successor, Eric Cripps, a white male was paid a greater salary than she was.

#### 1. Title VII and State Law

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). Claims under Louisiana's Employment Discrimination Act are "essentially identical, analytically, to Title VII." *Bustamento*

*v. Tucker,* 607 So.2d 532, 538 n. 6 (La. 1992). Therefore, the Court applies the same analysis to Bradford's Title VII and state law race-based wage discrimination claims.

When a plaintiff's case relies on circumstantial evidence, the Court must apply the traditional *McDonnell-Douglas*[1] framework to wage discrimination cases based on race or sex. *See Meeks v. Computer Assocs. Intern.*, 15 F.3d 1013, (5th Cir. 1994).

> To make out a prima facie case of discrimination in compensation, a plaintiff must show that he was a member of a protected class and that he was paid less than a non-member for work requiring substantially the same responsibility. *Uviedo v. Steves Sash & Door Co*., 738 F.2d 1425, 1431 (5th Cir.1984). Pursuant to the *McDonnell Douglas* framework, "[o]nce shown, a plaintiff's prima facie case creates an inference of . . . discrimination, which the employer is required to rebut with a legitimate non-discriminatory reason" for the pay disparity. *Ross v. University of Texas at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998) (concerning age discrimination). If the employer provides such a reason, the burden shifts back to the plaintiff to establish that the employer's stated reason is pretextual. *Id.*

*Taylor v. United Parcel Serv., Inc*., 554 F.3d 510, 522–23 (5th Cir. 2008). In case law interpreting the phrase, "substantially the same responsibility," the Fifth Circuit has held that a plaintiff must show that his circumstances were "nearly identical" to those of a better-paid, non-protected employee. *Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *see also Perez v. Tex. Dep't. of Crim. Justice*, 395 F.3d 206, 213 (5th Cir. 2004); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086,1090 (5th Cir. 1995).

Bradford is a member of a protected class, and she has shown that she was paid less than her white predecessor, Cripps, while he was CFO. However, the undisputed evidence shows that Cripps had the same salary as Bradford when he served solely as CFO. His salary was increased $10,000, only after he took on the dual roles of CFO and COO.

Bradford argues, however, that, in addition to her regular duties as CFO, she had to "correct tasks left incomplete by her predecessor and comply with the demands of the Legislative Auditor."

---

[1]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[Doc. No. 49, p. 1]. She argues further that "[t]here is nothing in the record to indicate that her duties were different from those of Cripps, despite his double job-title." *Id.* at p.2.

Even viewing the evidence in the light most favorable to Bradford, the Court finds that this argument, unsupported by record evidence,[2] is insufficient to raise a genuine issue of material fact for trial that Bradford and Cripps were in "nearly identical" circumstances when he earned $10,000 more per year. Contrary to her argument, the Hospital did present evidence in the form of a contemporaneous document prepared by then-CEO Bobby Jordan and attested to by Tennille Stewart, the Hospital's Human Resources Director and Credentialing Specialist. [Doc. No. 47-4, Affidavit of Tennille Stewart; Doc. No. 47-7, Exh. B-3]. Bradford has failed to present evidence that would support the required final showing on her prima face case.

Further, even assuming *arguendo* that Bradford established a minimal *prima facie* case, the Hospital has met its burden of production to show legitimate, non-discriminatory reasons for the disparity in Cripps' and Bradford's salaries. Bradford has not responded with any evidence at all to show that these reasons were pretext for race discrimination. Accordingly, the Hospital's Motion for Partial Summary Judgment on her race-based wage discrimination claims under Title VII and the LEDL is GRANTED.

### 2. Equal Pay Act

Bradford also asserts wage disparity claims under the Equal Pay Act. The Equal Pay Act, which is part of the FLSA, and guarantees "equal pay for equal work regardless of sex." *Corning Glass Works v. Brennan*, 417 U.S. 188, 190 (1974) (citing PUB. L. NO. 88-38, 77 STAT. 56§ 3 (Sept. 23, 1963)) (other citations omitted). It provides:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the

---

[2]Arguments of counsel do not constitute evidence to raise a genuine issue of material fact for trial.

basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

29 U.S.C. § 206(d)(1) (2016).

Bradford, as Plaintiff, bears the initial burden of making out a *prima facie* case of discrimination under the Equal Pay Act by "showing that an employer compensates employees differently for equal work." *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 723 (5th Cir.2011) (citing *Siler–Khodr v. Univ. of Tex. Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001)). To meet that burden, a plaintiff must show that "1. her employer is subject to the Act; 2. she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and 3. she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). "To establish 'equal work,' the plaintiff need only prove that the 'skill, effort and responsibility' required in the performance of the jobs is 'substantially equal.'" *Jones v. Flagship Int'l*, 793 F.2d 714, 723 (5th Cir. 1986) (quoting *Pearce v. Witchita Cty., City of Witchita Falls, Texas Hosp. Bd.*, 590 F.2d 128, 133 (5th Cir. 1979)). The Equal Pay Act necessarily requires a plaintiff to compare her skill, effort, responsibility and salary with a person who is or was similarly situated. *Id.* A plaintiff is not, however, required to show that the employer had discriminatory intent.[3] *See Montgomery v. Clayton Homes, Inc.*, 2003 WL 1922917, at *1, 65 Fed. App'x 508 (5th Cir. Mar. 25, 2003).

---

[3]Generally, . . . a Title VII claim of wage discrimination parallels that of an EPA violation," *Siler-Khodr*, 261 F.3d at 546 (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 828 (6th Cir. 2000)), but "[t]he allocation of burdens in EPA and Title VII claims, however, differ in a way that may, in

9

If the plaintiff makes out a *prima facie* case, "[u]nlike Title VII, the burden of *persuasion* may shift from the plaintiff to the defendant.." *Jones v. Flagship Intl.*, 793 F.2d 714 (5th Cir. 1986) (emphasis added). The employer must show that the pay differential is justified under one of the four enumerated exceptions to the Equal Pay Act. *Id.* at 722 (citing *Corning Glass Works*, 417 U.S. at 197) (These four "are affirmative defenses on which the employer has the burden both of production and of persuasion.").

If the defendant establishes any of the four exceptions, the plaintiff must then show that the proffered explanation is a pretext for paying workers of one sex less than the other. *See Phillips v. TXU Corp.,* 194 Fed. App'x. 221, 224 (5th Cir. 2006).

While Bradford's burden under the Equal Pay Act is somewhat lesser than her burden under Title VII and the LEDL, she cannot meet her burden under this Act either. Certainly, the Hospital is required to comply with the Equal Pay Act, and she has shown that a former male employee was paid more than she was as CFO. Additionally, Bradford and Cripps could be said to have performed work in a position requiring equal skill and, possibly, effort, given her allegations that she had to perform extra duties because of work that Cripps left unfinished at the time of his resignation. However, for the same reasons above, she cannot show that she had substantially equal responsibility under similar working conditions when Cripps received the additional $10,000 in salary.

Moreover, even assuming *arguendo* that Bradford could meet her *prima facie* burden, the Hospital has met its burden of persuasion by providing evidence that the decision to pay Cripps an additional $10,000 was based on a factor other than sex.

---

some cases, result in an employee prevailing on her [Equal Pay Act] claim but not her Title VII claim," *King [v. Univ. Healthcare Sys., L.C.]*, 645 F.3d [713, 724 (5th Cir. 2011)].

*Barsch v. Nueces Cty.*, No. 2:14-CV-435, 2016 WL 4785169, at *8 (S.D. Tex. Jan. 14, 2016).

While Bradford is not required to show a discriminatory animus based on her gender, she does have to produce evidence to rebut the Hospital's defense. In this case, however, she has failed to raise a genuine issue of material fact for trial rebutting this defense. The Hospital's Motion for Summary Judgment on Bradford's Equal Pay Act claim is also GRANTED.

### III. CONCLUSION

Based on the foregoing, the Hospital's Motion for Partial Summary Judgment [Doc. No. 47] is GRANTED, and Bradford's wage discrimination claims under Title VII, the Equal Pay Act, and the LEDL are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 23rd day of October, 2019.

                                              TERRY A. DOUGHTY
                                    UNITED STATES DISTRICT JUDGE